*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1179**

State of Minnesota,
Respondent,

vs.

William John Cross,
Appellant.

**Filed July 5, 2016
Affirmed
Bjorkman, Judge**

Scott County District Court
File No. 70-CR-13-5241

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Ronald Hocevar, Scott County Attorney, Todd P. Zettler, Assistant County Attorney, Shakopee, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer Workman Jesness, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Bjorkman, Presiding Judge; Peterson, Judge; and Rodenberg, Judge.

## U N P U B L I S H E D   O P I N I O N

**BJORKMAN**, Judge

Appellant argues that the district court abused its discretion by denying a trial continuance so that he could obtain private counsel. We affirm.

## FACTS

On March 11, 2013, respondent State of Minnesota charged appellant William John Cross with one count of aiding and abetting theft. The state later amended the complaint to add a second aiding-and-abetting-theft count. Cross applied for and received a public defender. In April 2014, the district court discharged the public defender's office based on inconsistencies in Cross's financial affidavit. The district court granted Cross's request to continue the trial so he could retain private counsel.

On June 27, Cross reapplied for a public defender. The district court denied the application. On July 9, the parties appeared for a settlement conference. Cross again requested that a public defender be reappointed. He stated that his mother had been planning on paying for a private attorney, but that accident-related expenses prevented her from doing so. The district court again denied the request, stating it would not appoint a public defender because Cross owned a home and had the financial resources to post $4,000 cash bail. The district court also asked Cross's mother if she was willing to pay Cross's legal expenses; she indicated she was not.

On October 20, Cross filed a letter with the district court, stating that he wished to address the issue of legal representation and explaining that family members purchased his home. He also indicated that he had spoken with his former public defender, who had transitioned to private practice, and learned he would need a $3,000 retainer. During a hearing the next day, the district court asked Cross under oath about his financial situation, and reappointed the public defender's office to represent Cross.

On February 18, 2015, the parties appeared for trial. Cross's public defender requested a trial continuance for two reasons. First, Cross wished to obtain private counsel because he "lost faith" in his public defender's ability to represent him. Cross indicated that he had spoken with a private attorney—the same person he referenced in his October 20, 2014 letter to the court—but had not actually retained him. Second, the state just provided his public defender with an additional 225 pages of discovery that counsel needed to review before trial.

The district court denied the request and the public defender represented Cross at trial. A jury found Cross guilty of one count of aiding and abetting theft. The district court stayed imposition of a sentence and placed Cross on probation for ten years with conditions. Cross appeals.

## D E C I S I O N

Whether to continue a trial so a defendant may obtain private counsel to replace a court-appointed attorney is within the discretion of the district court, "based on all facts and circumstances surrounding the request." *State v. Worthy*, 583 N.W.2d 270, 278 (Minn. 1998).[1] "A defendant may not demand a continuance to delay the proceedings or by arbitrarily attempting to substitute another attorney." *Id.* And a continuance request is properly denied when "the defendant has not been diligent in procuring counsel or in

---

[1] Cross frames the issue as the denial of his request for substitute counsel. But Cross did not request appointment of a new public defender; he requested a trial continuance to obtain private counsel. These are separate issues with distinct analyses. *Worthy*, 583 N.W.2d at 278. A request for a continuance to obtain private counsel is evaluated by the district court based on all relevant circumstances, while a request for substitute counsel requires a showing of exceptional circumstances and must be timely and reasonably made. *Id.*

preparing for trial." *State v. Courtney*, 696 N.W.2d 73, 82 (Minn. 2005). A defendant must show he was prejudiced by the denial of the continuance to warrant appellate relief. *Id.* at 81.

Cross argues that the district court abused its discretion by denying his continuance request because he had lost confidence in his public defender and she was not prepared for trial due to the state's late discovery disclosure. We disagree.

First, we are not persuaded that Cross's disagreement with his public defender warranted a continuance to retain private counsel. Upon questioning by the district court, Cross explained that his attorney said he was "foolish" to decline the state's plea offer that would have resolved six of Cross's pending files. Cross disagreed with this assessment because, in his opinion, "[a]nything less than a dropped charge . . . is absolutely crazy." The district court noted that if Cross was going to go through attorneys simply because he disagreed with them, then the case would never be tried. The court further observed that Cross's public defender had an ethical obligation to present any plea offers and provide her assessment of the deal based on her training and expertise. We agree with the district court that Cross did not have a reasonable basis for dissatisfaction. *See State v. Vance*, 254 N.W.2d 353, 359 (Minn. 1977) (noting a defendant was not entitled to a continuance where "he had no cause to be dissatisfied with his assigned counsel").

Second, Cross was not diligent in retaining private counsel. In denying Cross's request, the district court emphasized the lengthy procedural history of this case. During the nearly two years during which the case had been pending, there had been four omnibus settings, five settlement conferences dates, and five trial dates. Cross initially asked for

4

and received a trial continuance to obtain private counsel in April 2014. He subsequently requested that the public defender's office be reappointed on three separate occasions. And counsel Cross identified on the morning of trial was the same person he referenced in his October 2014 letter to the district court. It was undisputed he had not retained the attorney at the time of trial, and had no money. He stated his family would put up the money, but his mother had previously told the district court that she was not willing to do so. On this record, it is clear Cross was not diligent in procuring counsel.

Finally, Cross has not demonstrated that he was prejudiced by the denial of his trial-continuance request. He contends that his public defender was not prepared to go to trial. We disagree. The 225 pages of discovery his attorney received on the morning of trial consisted primarily of transcribed statements. Cross's public defender explained that she needed to review the transcripts to ensure they were accurate. The district court declined to continue the trial, but agreed to recess after jury selection that morning and resume the trial the following morning. Cross's public defender never indicated she needed more time to review the transcripts, and Cross offers no evidence suggesting that his counsel did not have adequate time to review them. Cross has not shown that his public defender was not prepared to go to trial and cannot establish that he was prejudiced by the denial of the continuance. *See Courtney*, 696 N.W.2d at 81 (requiring a defendant to establish prejudice to justify reversal).

In sum, the district court did not abuse its discretion by denying Cross's request for a trial continuance to obtain private counsel.

**Affirmed.**